IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI DEWARD LEVINGSTON, | No. CIV S-06-0027-FCD-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| PAUL FREEMAN BONNET, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on January 5, 2006.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

## I. BACKGROUND

Plaintiff names as defendants Paul Bonnet, an officer with the Stockton Police Department.  Plaintiff also names the Stockton Police Department itself, the County of San Joaquin, and Mark W. Herder, the chief of police.  Plaintiff claims that defendant Bonnet used excessive force during the course of his arrest.  Plaintiff also claims that defendant Bonnet offered false testimony at his parole revocation hearing.

## II. DISCUSSION

Based on plaintiff's allegations, the complaint presents an excessive force claim and a claim relating to plaintiff's parole revocation hearing.  It appears that the complaint states a cognizable excessive force claim against defendant Bonnet.  The complaint is defective with respect to the claim relating to the parole revocation hearing and all claims against the Stockton Police Department, the County of San Joaquin, and Mark W. Herder (collectively "municipal defendants").

/ / /
/ / /
/ / /

A.     **Parole Revocation Hearing Claim**

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Similarly, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); see also Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).  In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

F.3d at 585.

In this case, plaintiff alleges that defendant Bonnet offered false testimony at his parole hearing. If true, plaintiff would be entitled to a new parole revocation hearing. Therefore, such an allegation of a procedural defect is necessarily an attempt to challenge the substantive decision to revoke parole. See Butterfield, 120 F.3d at 1024-25. This deficiency cannot be cured by amendment.

### B. Municipal Defendants

Plaintiff names as the municipal defendants one individual and two local agencies. As to the individual, the complaint does not link defendant Herder, who is the chief of police, to any alleged constitutional deprivation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the complaint contains no specific allegations as to defendant Herder. It is possible that this defect may be cured through amendment.

As to the local agencies, plaintiff has not alleged the necessary elements to establish municipal liability. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell, 436 U.S. at 690. Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see

also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). As with defendant Herder, the complaint does not contain any allegations as to either the County of San Joaquin or the Stockton Police Department. This defect is also subject to amendment.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

1  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
2  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  As to the claim
3  relating to plaintiff's parole revocation hearing, such claim is not cognizable as a matter of law
4  and, therefore, plaintiff is not entitled leave to amend as to this claim.  If such a claim continues
5  to appear in an amended complaint filed pursuant to this order, the court will issue appropriate
6  findings and recommendations that the claim be dismissed.

7      Because the complaint appears to otherwise state a cognizable excessive force
8  claim against defendant Bonnet, if no amended complaint is filed within the time allowed
9  therefor, the court will issue findings and recommendations that the claims identified herein as
10 defective be dismissed, as well as such further orders as are necessary for service of process as to
11 the cognizable claims.

12     Accordingly, IT IS HEREBY ORDERED that may file a first amended complaint
13 within 30 days of the date of service of this order.

15 DATED:  April 27, 2006.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE