IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI DEWARD LEVINGSTON, | No. CIV S-06-0027-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PAUL FREEMAN BONNET, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on January 5, 2006. On April 28, 2006, the court issued an order identifying several defects in plaintiff's complaint. In particular, plaintiff was advised as follows:

> Because the complaint appears to otherwise state a cognizable excessive force claim against defendant Bonnet, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Plaintiff has not elected to file an amended complaint.

///

1

In the April 28, 2006, order, the court set forth the background of this case, which need not be repeated here. The court also identified defects with respect to plaintiff's claim concerning his parole revocation hearing and plaintiff's claims against various municipal defendants. As to plaintiff's parole revocation hearing claim, the court concluded:

> In this case, plaintiff alleges that defendant Bonnet offered false testimony at his parole hearing. If true, plaintiff would be entitled to a new parole revocation hearing. Therefore, such an allegation of a procedural defect is necessarily an attempt to challenge the substantive decision to revoke parole.

As to the municipal defendants, the court concluded that, while they were named in the caption of the complaint, there were no specific allegations regarding such defendants. The court, however, concluded that the complaint appeared to state a cognizable excessive force claim against defendant Bonnet. Plaintiff was given an opportunity to amend to cure the defects identified by the court.

Plaintiff has not filed an amended complaint. Therefore, this action should proceed as against defendant Bonnet only on plaintiff's excessive force claim and the remaining claims and defendants should be dismissed for failure to state a claim. The court will issue separate orders regarding service of this action on defendant Bonnet.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's claim regarding his parole revocation hearing be dismissed;

2. Plaintiff's claims against the municipal defendants (Stockton Police Department, the County of San Joaquin, and chief of police Mark W. Herder) be dismissed; and

3. This action proceed only on plaintiff's excessive force claim against defendant Bonnet.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1 Findings and Recommendations." Failure to file objections within the specified time may waive
2 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4 DATED: June 20, 2006.

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE